HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,

v.

HOP–ON INTERNATIONAL CORPORATION t/a Franz Schoenen, Ltd., Metric Fashions, Inc., Chams De Baron Co., Inc., Spearsonic Electronics Inc. and Lewis Brokerage, Ltd., Defendants.

No. 82 Civ. 7463 (GLG).

United States District Court, S.D. New York.

Aug. 22, 1983.

---

**33.** *Id.*

See also D.C., 568 F.Supp. 1569.

Whitman & Ransom, New York City, for plaintiff; Herbert P. Polk, Frederic R. Mindlin, New York City, of counsel.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, Wilentz, Goldman & Spitzer, Woodbridge, N.J., for defendants Hop-On Intern. Corp., Metric Fashions, Inc., Chams De Baron Co., and Spearsonic Electronics, Inc.; Stephen M. Charme, New York City, Alan M. Darnell, Frederick J. Dennehy, Woodbridge, N.Y., of counsel.

Hart & Hume, New York City, for defendant Lewis Brokerage, Ltd.; Joseph A. Bergadano, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

This is a motion to dismiss the complaint of Hartford Accident & Indemnity Co. (Hartford) as to defendant Lewis Brokerage, Ltd. (Lewis). Lewis argues that the complaint must be dismissed as to it because Hartford does not seek any relief against Lewis, no other defendants have made any claims against Lewis in this action, and Lewis is not a necessary party to this action. Hartford, on the other hand, apparently acknowledges that it does not have a claim against Lewis, but argues that another defendant in the action, Hop-On International Corp. (Hop-On), has a claim against Lewis arising from the facts underlying Hartford's complaint and that, therefore, "[t]here seems no reason why . . . [Lewis] should obtain dismissal of the . . . complaint since Hop-On would then un-doubtedly seek to implead [Lewis] in this action as a third-party defendant." Plaintiff's Memorandum of Law in Opposition to the Dismissal Motion of Lewis Brokerage, Ltd. at 2–3.

As no relief has been sought against Lewis by Hartford, the complaint fails to state a claim upon which relief can be granted to Hartford against Lewis. If Hop-On has a claim against Lewis, it can assert that claim by impleading Lewis, if it so chooses. Until that time, however, Lewis should not have to be a defendant in the lawsuit simply because the plaintiff anticipates that Hop-On will take this course of action. Accordingly, the motion is granted, and the complaint is dismissed as to Lewis.

SO ORDERED.